IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADREAN L. SMITH,

                OPINION AND ORDER

       Plaintiff,

                17-cv-179-bbc

  v.

GARY BOUGHTON, M. KARTMAN,
CAPT. PRIMMER, LT. LEFFLER,
SGT. BLOYER and SGT. BERGER,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Adrean Smith contends that prison officials at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, deprived him of a bed and mattress for 40 days as a disciplinary sanction for allegedly damaging a mattress. Plaintiff is proceeding on Eighth Amendment and Fourteenth Amendment due process claims. Now before the court are the parties' cross motions for partial summary judgment on the due process claim. Dkt. ##13 and 17. Plaintiff believes that he is entitled to judgment as a matter of law and that defendants are not entitled to qualified immunity. Defendants say that plaintiff failed to exhaust his administrative remedies by not raising the due process issue before he filed suit in this court; alternatively, they contend that plaintiff's claim fails as a matter of law and that they are entitled to qualified immunity. For the reasons set out below, I am granting defendants' motion for summary judgment and denying plaintiff's motion. Although defendants have not met their burden of showing that plaintiff failed to

1

exhaust his administrative remedies with respect to his due process claim, plaintiff's claim fails on the merits and will be dismissed.

From the parties' proposed findings of fact, I find that the following facts are undisputed unless otherwise noted.

UNDISPUTED FACTS

Plaintiff Adrean Smith has been incarcerated in the Restricted Housing Unit at the Wisconsin Secure Program Facility in Boscobel, Wisconsin since May 7, 2015. At the time he entered restrictive status housing, he received a copy of the facility's "Restricted Housing Inmate Handbook," which states that Division of Adult Institutions Policy and Procedure § 306.00.34 allows security supervisors to place inmates on restrictions and security precautions when the inmates are the subject of an incident report or conduct report. The policy requires the security director to review the restriction or precaution and formally notify the inmate of the action taken.

On or about March 8, 2016, plaintiff told two unidentified correctional officers that the cell he had been placed in had a damaged mattress, adding that he did not want to be charged for something that he did not do. One of the officers stated that "We can't get to it right now cause we're kind of short of staff, but on Monday I'll make sure we swap your mat out." The officer also told plaintiff that he would make a note of the mattress damage.

On March 11, 2016, plaintiff was subjected to a random cell search and the damaged mattress was discovered. Plaintiff was issued a conduct report for allegedly violating Wis.

2

Admin. Code § DOC 303.47 for possession of miscellaneous contraband and § DOC 303.38 for damage or alteration of property. Because both offenses constituted minor violations under the disciplinary code, the conduct report was adjudicated on a paper record without a hearing. In accordance with Wis. Admin. Code § DOC 303.77, plaintiff completed a DOC-9B form entitled "Inmate's Statement for Contested Minors." Defendant Lieutenant Leffler, a supervising officer, reviewed the conduct report and plaintiff's statement and found plaintiff guilty of the two rule violations. As punishment, he imposed a 14-day room confinement, a 3-day loss of electronics, restitution in the amount of $125.00 for the damaged mattress and destruction of the other contraband found in plaintiff's cell. Although the form "DOC-91 – Appeal of Adjustment Committee of Hearing Officer's Decision" is provided to all inmates entering the restricted housing unit, plaintiff did not complete that form or appeal this determination.

On March 14, 2016, plaintiff received a "DOC-2297 Offender Restriction/Precaution Notice," notifying him that his regular mattress would be replaced with a "high security mattress" for 10 days because the string at the end of the mattress plaintiff had received had been removed, revealing the contents. (A "high security mattress" is 3/4-inch thick and made of heavy-duty rubber; a regular mattress is four inches thick and made of foam inside a vinyl cover.) Initially, defendant Leffler recommended a 14-day restriction, but defendant Mark Kartman, the Security Director, reduced the restriction to 10 days.

The security mattress was not taken away at the end of the 10-day restriction period. Plaintiff was not given a new mattress until he filed an inmate complaint about the mattress

3

on March 31, 2016. Dkt. #21, exh. 1 at 11. In that complaint, plaintiff did not challenge his placement on the mattress restriction, but said only that "On 3/21/16 I was suppose[d] to be removed from mattress-restriction, However I've still have not received my regular mattress." Id. The complaint was investigated and affirmed, and plaintiff was given a regular mattress. Plaintiff had the security mattress instead of a standard mattress for a total of 40 days. He avers that the security mattress was hard and filthy and caused him back and side pain, which prevented him from sleeping.

OPINION

Plaintiff is proceeding on a claim that he was denied due process because he did not have notice that he could be disciplined by the loss of his mattress. Dkt. #6 at 5-6. In particular, plaintiff contends that being deprived of a mattress is not one of the punishments listed in the prison regulations for the type of misconduct of which he was accused and he says did not otherwise have advance notice of that penalty. Before discussing the merits of plaintiff's claim, I will take up the issue of exhaustion.

A. Exhaustion

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As a general rule, compliance with § 1997e(a) requires a prisoner

4

to "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).

If a prisoner fails to exhaust administrative remedies available to him before filing his lawsuit, the court must dismiss the case without prejudice. Fluker v. County of Kankakee, 741 F.3d 787, 791 (7th Cir. 2013) (dismissals for failure to exhaust are always without prejudice, "even if exhausting administrative remedies will prove to be impossible"); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). However, "[a] prison administrative procedure is *unavailable* for purposes of the [Prison Litigation Reform Act]'s exhaustion requirement when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1860 (2016) (emphasis added) (citing 42 U.S.C. § 1997e(a)). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust his remedies. Jones v. Bock, 549 U.S. 199, 216 (2007).

Defendants contend that plaintiff had two possible opportunities to exhaust his administrative remedies with respect to the mattress restriction but failed to take advantage of either one. First, he could have appealed the March 11 disciplinary decision, including any

5

procedural errors, to the warden under Wis. Admin. Code § DOC 303.82 within 10 days after receiving a copy of the decision. That argument is not persuasive; by defendants' own account, the security restriction was not part of the disciplinary action, Kartman decl., dkt. #20 at ¶¶ 13-14, and therefore, could not have been the subject of an appeal under § 303.82.

Second, defendants say that plaintiff could have filed an inmate complaint about the March 14 security restriction under the process set forth in Wisconsin Administrative Code ch. DOC 310, which requires the filing of a complaint with the institution complaint examiner within 14 days of the occurrence giving rise to the complaint. Id., § 310.11(5)(d). Although plaintiff did not file an inmate complaint within 14 days of the imposition of the security restriction, he did file a complaint on March 31, 2016, after more than 20 days had passed and the security mattress still had not been removed. That complaint was found to be valid and his standard mattress was returned. Although defendants point out that plaintiff did not specifically allege in the March 31 complaint that he failed to receive notice of the mattress restriction, it is not entirely clear whether that complaint was sufficient to preserve plaintiff's due process claim. (Eventually, plaintiff filed two inmate complaints about the alleged due process violation in February 2017. Those complaints were rejected as untimely because they were filed more than 14 days after the incident. Dkt. #21, exh. ##2-3.)

This question is further complicated by an affidavit that plaintiff submitted in response to defendants' motion for summary judgment. Plaintiff avers that on or after March 14, 2016, he complained to defendant Primmer about the mattress restriction and Primmer told him that the restriction "was not imposed as a penalty of the conduct report so the issues

6

surrounding the failure to provide notice was not contestable because the restriction involves the inherent power of the security office" and "it's not something that can be complained of in the complaint review system." Dkt. #28. Plaintiff avers that he relied on these statements when he chose not to file an inmate complaint. Although defendants argue that plaintiff's allegations about being misled lack evidentiary support and credibility, if Primmer actually told plaintiff that he could not use the inmate complaint review system to challenge the disciplinary decision to impose a mattress restriction, the procedures were not "available" to him, Ross, 136 S. Ct. at 1860, and he did not need to exhaust his administrative remedies. Anderson v. Butler, 2017 WL 3049574, at *2 (W.D. Wis. July 18, 2017) (finding same).

In sum, it remains uncertain whether plaintiff could have raised the due process issue in an appeal of the disciplinary decision, whether his March 31, 2016 inmate complaint was sufficient to raise the due process issue and whether Primmer misled plaintiff about the availability of the inmate complaint system. Accordingly, I find that defendants have failed to show plaintiff failed to exhaust his administrative remedies. This issue is not dispositive, however, because I find that plaintiff's due process claim must be dismissed on the merits.

B. Merits of Due Process Claim

To prevail on his due process claim, plaintiff must show that (1) defendants deprived him of a "liberty interest" or "property interest"; and (2) he did not receive all the process he was due. Abcarian v. McDonald, 617 F.3d 931, 941 (7th Cir. 2010). A prisoner has a liberty

interest in avoiding particular conditions of confinement only if those conditions pose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkinson v. Austin, 545 U.S. 209, 223 (2005) (quoting Sandin v. Conner, 515 U.S. 472, 483-84 (1995)). In determining whether prison conditions meet this standard, courts must consider both the length of the deprivation and the severity of the conditions. Marion v. Columbia Correctional Institution, 559 F.3d 693, 698 (7th Cir. 2009).

In this case, plaintiff was ordered to sleep on what he describes as a thin, hard security mattress for 10 days. He contends that because the mattress was not replaced by a standard mattress for 40 days, he was subjected to a significant hardship for at least 30 of those days. At the screening stage, I found these allegations sufficient to allow plaintiff to proceed on a due process claim in addition to an Eighth Amendment claim, but a review of the applicable case law shows that, by itself, using an uncomfortable mat for 40 days does not implicate a liberty interest. As plaintiff concedes in his reply brief, dkt. #25 at 3, the Court of Appeals for the Seventh Circuit has held that similar or more significant deprivations for much longer periods do not amount to a deprivation of a liberty interest. Obriecht v. Raemisch, 565 Fed. Appx. 535, 539-40 (7th Cir. 2014) (78-day confinement with mattress placed directly on wet floor not unconstitutional); Hardaway v. Meyerhoff, 734 F.3d 740, 742 (7th Cir. 2013) (finding no liberty interest where inmate was placed with a confrontational inmate, faced psychological problems and had only weekly access to the shower and prison yard); Gruenberg v. Gempeler, 697 F.3d 573, 580 (7th Cir. 2012) (no liberty interest in avoiding being held in restraints for five days); Lekas v. Briley, 405 F.3d 602, 612 (7th Cir. 2005)

(90-day disciplinary segregation with severe restrictions on exercise, group worship, work, and educational opportunities not atypical or significant); Thomas v. Ramos, 130 F.3d 754, 760-62 (7th Cir. 1997) (70-day confinement with another inmate in one-man cell for 24 hours a day does not implicate liberty interest). See also Marshall v. Nickel, 2007 WL 5582139, at *9 (W.D. Wis. Jan. 29, 2007) (use of uncomfortable, rubber mat as mattress for several months is not cruel and unusual punishment or deprivation of liberty interest).

Plaintiff argues that defendants have failed to consider the fact he has been confined to restricted housing (or segregation) for more than 300 days and that using the security mattress for 40 days caused him injuries. However, plaintiff's 2015 placement in restricted housing is not the subject of this lawsuit and has nothing to do with defendants' alleged wrongdoing in issuing him the conduct report or security restriction. Even though plaintiff was in segregation for a long time, he had the security mattress at issue in this case for only 40 days. Plaintiff's averments that he suffered pain and a lack of sleep as a result of using the mattress have more to do with the fact that the initial 10-day security restriction was extended 30 more days because defendants allegedly failed to return his standard mattress, even afer he had verbally complained about it. Therefore, plaintiff's alleged injury does not fall squarely within the due process claim and is best dealt with in the context of plaintiff's Eighth Amendment conditions of confinement claim. Gruenberg, 697 F.3d at 580 (finding same with respect to claim that prisoner was held in restraints for five days); Townsend v. Fuchs, 522 F.3d 765, 772 (7th Cir. 2008) ("[I]issue of the cell conditions . . . is best analyzed as a claim brought under the Eighth Amendment" rather than due process clause.).

9

Accordingly, I find that defendants are entitled to summary judgment on plaintiff's due process claim.

ORDER

IT IS ORDERED that

1. The motion for partial summary judgment filed by defendants, dkt. #17, is GRANTED as to plaintiff's due process claim, which will be DISMISSED.

2. Plaintiff Adrean Smith's motion for partial summary judgment, dkt. #13, is DENIED.

Entered this 8th day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge