IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADREAN L. SMITH,

                 Plaintiff,

      v.

GARY BOUGHTON, M. KARTMAN,
CAPT. PRIMMER, LT. LEFFLER,
SGT. BLOYER and SGT. BERGER,

                 Defendants.

OPINION AND ORDER

17-cv-179-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered on February 8, 2018, I granted defendants' motion for partial summary judgment with respect to plaintiff Adrean Smith's Fourteenth Amendment due process claim, finding that plaintiff's allegations that defendants deprived him of a bed and mattress for 40 days did not amount to a deprivation of a constitutionally-protected liberty interest. Dkt. #32. Now before the court is plaintiff's motion for reconsideration of that order, in which he argues that I erred in rejecting his argument that the 300 or more days he has spent in segregation is more than enough to qualify as a liberty interest under the due process clause. Dkt. #33.

Even though I explained in my previous order that plaintiff's 2015 placement in restricted housing is not the subject of this lawsuit and has nothing to do with defendants' alleged wrongdoing in issuing him the security mattress restriction, plaintiff believes that I must consider his entire period of confinement in segregation and not only the 40 days he

1

spent on an inadequate mattress. In support, he cites Marion v. Columbia Correctional Institution, 559 F.3d 693, 699 (7th Cir. 2009); Sims v. Artuz, 230 F.3d 14, 23-24 (2d Cir. 2000); and Sealey v. Giltner, 197 F.3d 578, 587-88 (2d Cir. 1999), for the position that a court should aggregate distinct periods of confinement that result from separate punishments in determining whether an inmate has a protected liberty interest pursuant to Sandin v. Conner, 515 U.S. 472, 485-486 (1995). For example, in Sealey, 197 F.3d at 587 n.7, the court of appeals suggested that "if conditions were of sufficient harshness that confinement for 365 days constituted atypicality, an official who held a hearing for a prisoner already confined in such conditions for 364 days would normally have to accord procedural due process before continuing the confinement beyond an aggregate interval of 365 days." See also Sims, 230 F.3d at 23-24 (finding shorter sentences of segregated confinement should be aggregated for purposes of Sandin inquiry because they totaled more than three and a half years and were imposed by same official within short period of time). However, unlike the plaintiffs in Marion, Sims, Sealey or Sandin, plaintiff is not challenging the disciplinary hearing or decision that resulted in his placement in segregation. Instead, he is challenging only the decision to place him on a mattress restriction, which required him to sleep on an inadequate mattress for a period of 40 days. The fact that he was in segregation at the time of the mattress restriction is not relevant to that analysis because the disciplinary proceedings that he is challenging did not result in a longer stay in segregation or contribute to any other atypical or significant hardship that defendants should have considered in imposing the restriction. Accordingly, the motion for reconsideration will be denied.

ORDER

IT IS ORDERED that plaintiff Adrean Smith's motion for reconsideration, dkt. #33, is DENIED.

Entered this 2d day of March, 2018.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge