IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ADREAN L. SMITH,

                         Plaintiff,

     v.

GARY BOUGHTON, M. KARTMAN,
CAPT. PRIMMER, LT. LEFFLER,
SGT. BLOYER and SGT. BERGER,

                         Defendants.

OPINION AND ORDER

17-cv-179-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Adrean Smith is proceeding on claims that defendants Gary Boughton, Mark Kartman, Larry Primmer, Daniel Leffler, Heidi Boyler and Zachary Berger violated his constitutional rights by depriving him of a regular mattress for 40 days. On February 8, 2018, I granted defendants' motion for partial summary judgment with respect to plaintiff's due process claim. Dkt. #32. Now before the court is defendants' motion for summary judgment on plaintiff's remaining Eighth Amendment conditions of confinement claims. Dkt. #36. Plaintiff has not filed a brief in opposition to the motion or responded to defendants' proposed findings of fact.

After reviewing the undisputed evidence and defendants' arguments, I conclude that there is not sufficient evidence from which a reasonable jury could find in plaintiff's favor on his Eighth Amendment claims. Therefore, I am granting defendants' motion for summary judgment and closing this case.

1

From defendants' proposed findings of fact and the undisputed facts in the February 2018 order, which I incorporate by reference, I find the following facts to be material and undisputed.

UNDISPUTED FACTS

At all times relevant to this case, plaintiff was incarcerated at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, where all the defendants worked. Defendant Gary Boughton was the warden, defendant Mark Kartman was the security director, defendant Daniel Leffler was a supervising officer, defendants Heidi Bloyer and Zachary Berger were correctional sergeants and defendant Larry Primmer was a captain assigned as the temporary unit supervisor of the Foxtrot unit where plaintiff was housed.

On March 11, 2016, plaintiff was subjected to a random cell search during which it was discovered that he had a damaged mattress. Plaintiff was issued a conduct report. Defendant Leffler reviewed the conduct report and he and defendant Kartman placed plaintiff on a 10-day high-security mattress restriction. A high-security mattress is 3/4-inch thick and made of rubber, whereas a regular mattress is four inches thick and made of foam with a vinyl cover.

The security mattress was not taken away at the end of the 10-day restriction period. (It is not clear whose responsibility it was to remove the mattress.) Neither defendant Bloyer nor defendant Berger recalls plaintiff ever complaining to them that his 10-day mattress restriction had ended. However, defendant Primmer remembers that sometime

2

after the mattress restriction expired, plaintiff told him that he still had a high-security mattress and wanted his regular mattress back. Primmer asked plaintiff why he did not raise the issue earlier but plaintiff did not give him a response. As part of his duties, Primmer made daily rounds on the unit, so plaintiff had opportunities to speak with him about the mattress. Primmer advised staff on his unit to replace plaintiff's high-security mattress with a regular mattress, but he does not recall which staff members he specifically advised. After Primmer told staff to change the mattress, he did not hear anything about plaintiff's mattress again until around April 21, 2016, when Institution Complaint Examiner William Brown contacted Primmer for a response to an inmate complaint that plaintiff filed on March 27, 2016. Primmer had assumed that staff had followed his orders and provided plaintiff a regular mattress.

Brown investigated plaintiff's complaint and found that plaintiff still had a security mattress as of April 21, 2016. On April 22, 2016, defendant Boughton affirmed plaintiff's inmate complaint as the reviewing authority, and plaintiff was given a regular mattress. Before April 22, 2016, Boughton was not aware that plaintiff had any complaints about his mattress. Boughton does not issue or review security restrictions that are imposed on an inmate.

Plaintiff had the security mattress instead of a standard mattress for a total of 40 days, but he had a mattress and bedding during that entire time.

OPINION

Prison officials violate the Eighth Amendment if they are "deliberately indifferent to adverse conditions that deny 'the minimal civilized nature of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1970). For example, lack of heat, bedding, adequate sanitation or clothing have been found to satisfy this demanding standard. Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006); Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987). In addition, "an adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (citing Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997)).

To succeed on his Eighth Amendment claim, plaintiff must establish two things: (1) that being forced to sleep on a thin, hard mattress for 40 days was "from an objective standpoint, sufficiently serious that it result[ed] in the denial of 'the minimal civilized measure of life's necessities,'" and (2) defendants were deliberately indifferent to the adverse conditions. Gray, 826 F.3d at 1005. "An official is deliberately indifferent when he is subjectively aware of the condition or danger complained of, but consciously disregards it." Rice ex rel. Rice v. Corrections Medical Services, 675 F.3d 650, 665 (7th Cir. 2012). Plaintiff's claim fails with respect to both requirements.

Plaintiff alleged in his complaint and previous submissions that the condition of his confinement was unusually harsh because he was forced to sleep on a thin, hard security mattress for 40 days. As defendants argue, even though courts have found that a lack of bedding qualifies as the denial of a basic life necessity, they have not found that the

4

constitutional protection applies to uncomfortable mattresses. E.g., Putney v. Likin, 656 Fed. Appx. 642 (4th Cir. 2016) ("In this case, [the inmate] has so far failed to explain how the denial of a mattress was anything more than a discomfort."); Alfred v. Bryant, 378 Fed. Appx. 977, 980 (11th Cir. 2010) ("Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency."); Thomas v. Doe, 2016 WL 3951035, at *1 (C.D. Ill. July 20, 2016) ("While the thin mattress may have been uncomfortable, nothing suggests that Plaintiff suffered the type of extreme deprivation required to state a constitutional claim."); Marshall v. Nickel, 2007 WL 5582139, at *9 (W.D. Wis. Jan. 29, 2007) (use of uncomfortable, rubber mat as mattress for several months failed to state claim under Eighth Amendment). Plaintiff was not denied bedding or a mattress or deprived of any essential need. Rather, his standard mattress was replaced with one that he found very uncomfortable. Marshall, 2007 WL 5582139, at *9 (noting same). See also Burton v. Downey, 805 F.3d 776, 786 (7th Cir. 2015) (unconstitutional conditions of confinement involve "deprivations of essential food, medical care, or sanitation" and plaintiff presented no evidence to support allegation that sleeping on single mattress amounted to deprivation of this magnitude). As highly unpleasant as this may have been, the United States Supreme Court has made clear that "the Constitution . . . does not mandate comfortable prisons." Farmer, 511 U.S. at 832 (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Therefore, without more, plaintiff cannot show that use of an uncomfortable mattress for a little more than a month violated his rights under the Eighth Amendment.

Further, even if sleeping on a thin, hard mattress for 40 days qualified as a sufficiently serious deprivation for purposes of the Eighth Amendment, plaintiff has not presented any evidence from which a reasonable jury could find that any of the defendants acted with deliberate indifference. Plaintiff's alleged basis for believing that defendants acted with deliberate indifference is that defendants failed to return his standard mattress even after plaintiff told them that his 10-day security mattress restriction had ended. However, there is no evidence in the record showing that defendants Bloyer or Berger knew anything about plaintiff's mattress restriction. Although defendants Leffler and Kartman were involved in the decision to issue the mattress restriction, plaintiff has failed to present any evidence that they had any reason to know that plaintiff's security mattress had not been removed after 10 days.

Defendant Primmer recalls that plaintiff complained about the security mattress not being removed after 10 days, but Primmer responded by advising staff on his unit to replace plaintiff's mattress. Unfortunately, no one carried out Primmer's orders, but there is no evidence that plaintiff made any further complaints to Primmer, reasonably leading Primmer to believe that the matter had resolved. Primmer did not hear anything else about the mattress until the inmate complaint examiner contacted him around April 21, 2016, the same day that plaintiff's standard mattress was returned. Because Primmer's response to plaintiff's complaint was appropriate, he did not act with deliberate indifference.

Defendant Boughton was not personally involved in the decision to issue plaintiff the mattress restriction and did not know that the mattress had not been removed until he

reviewed and affirmed plaintiff's inmate complaint on April 22, 2016. Plaintiff's regular mattress had already been returned by that time.

In addition, supervisors like Boughton and Primmer cannot be held responsible for the conduct of their staff. Under 42 U.S.C. § 1983, a supervisor may be liable only if he is "personally responsible for the deprivation of the constitutional right." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). This means that the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see[.]" Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012). As explained above, plaintiff has not adduced any evidence showing that Boughton or Primmer was personally responsible for the failure to remove plaintiff's security mattress after 10 days.

In sum, because plaintiff has identified no genuine disputes of material fact that undermine the above conclusions, I will grant defendants' motion for summary judgment on plaintiff's Eighth Amendment claims against them. Celotex Corp. v. Catrett, 477 U.S. 317, 322 n. 3 (1986) ("An adverse party may not rest upon mere allegations or denials of his pleadings, but his response must set forth a specific showing that there is a genuine issue for trial.").

ORDER

IT IS ORDERED that the motion for summary judgment of defendants Gary Boughton, M. Kartman, Capt. Primmer, Lt. Leffler, Sgt. Bloyer and Sgt. Berger, dkt. #36,

7

is GRANTED. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 14th day of June, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge